[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1972
The petitioner brought this petition for a writ of habeas corpus alleging that his criminal trial attorney, Peter Kelly, was ineffective in that he (a) failed to advise the petitioner of the meaning of his Alford plea: (b) failed to make a motion on his behalf for adjudication as a youthful offender; (c) failed to inform the court that his client was illiterate and under the influence of both a psychotic medication and marijuana at the time of his plea; (d) manipulated and intimidated the petitioner to plead by telling him if he did not, he would never see his mother again.
The petitioner's arrest arose from an incident at a drugstore on Chapel Street in New Haven on October 6, 1986 about 6:40 a.m. It was alleged that the petitioner and two (2) others entered the drugstore with a handgun and proceeded to obtain property from the owner and two of his friends, all of whom were elderly and then from a younger man who had come in during the occurrence. When any form of resistance was made, the victims were beaten, some with crutch and the young man kicked. Although the petitioner denied his participation, the others implicated him. He was charged with three (3) counts of robbery in the first degree and one (1) count of attempted robbery in the first degree. While in the courthouse for a pretrial conference with the other two accused, they and another person escaped from the lock-up. As a result of the escape, one sheriff was struck in the face and another sheriff overpowered by the petitioner and the other two (2) accused and locked in a cell.
Attorney Kelly testified that he did represent the petitioner for the above charges and was aware of his psychiatric history and had him evaluated by Dr. Grove. He didn't remember all the details of his representation because he had sent his file to Public Defendant Daher after the plea. He retained his file cover however which did indicate dates on which he communicated with Dr. Grove but not the details of the communications. He testified that in the New Haven Judicial District at that time the criminal cases such as the petitioner's were pretried at which divergent programs were discussed with the presiding judge. The presiding judge's policy at the time was that violent crimes of which the petitioner was accused were not considered for the Youthful Offender program. He did move for a psychiatric evaluation and on July 1, 1987, the petitioner was found competent to stand trial. CT Page 1973 On July 6, 1997 the petitioner entered a plea under the Alford Doctrine which had been previously negotiated.
The petitioner testified that he was only a child in 1987 and was not presented with the Youthful Offender program, his attorney telling him not to go. At the time he could not read nor write and was prescribed anti-psychotic medication. He also testified that he found a marijuana joint in the lock-up which he smoked. His attorney told him to take the plea because if he went to trial, he would never see his mother again.
The sentencing transcript indicates that the total effective sentence imposed for the four (4) counts was fifteen (15) years, execution suspended after ten (10) years, with five (5) years probation with a notation to be made on the judgement mittimus that psychiatric treatment was requested.
If the petitioner was unable to read nor write in 1987 at the time of his plea, he made a huge giant step to 1995 when he submitted many writing samples which contained few misspellings, good punctuation and excellent sentence structure. There can be no question that at the time of sentencing although the responses he made to the State's Attorney and Judge Ronan might not be considered entirely appropriate, were comprehensive, unencumbered by drugs or marijuana. Listening to him in court and reading his comments in the sentencing transcript, I can not conceive of him being intimidated to plea. His continued denial of the criminal charges would absolutely require his attorney to explain the effect and purpose of an Alford plea, particularly when he has no other explanation than escape when he is absent for his pretrial hearing after being brought into the courthouse. Although there may be violent crimes which on a rare occasion may be considered for Youthful Offender Treatment, it certainly should not be the norm. Considering all that the petitioner has placed before the court claiming that his attorney was ineffective, the court must come to the other conclusion that his attorney's client didn't warrant or deserve the effectiveness of his service.
A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that counsel's representation fell below an objective standard or reasonableness.Aillon v. Meachum, 211 Conn. 352, 357. CT Page 1974
For the above reasons the court denies the petition.
Corrigan, STR